UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINZHONG HUANG,<br><br>          Petitioner,<br><br>     -v.-<br><br>JUDITH ALMODOVAR, *in her official capacity as Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations*; MARKWAYNE MULLIN, *in his official capacity as Secretary of the U.S. Department of Homeland Security*; TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States*; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>          Respondents. | 26 Civ. 2972 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On April 10, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court, having examined the petition in this action, hereby ORDERS that:

(i) On or before **April 14, 2026**, the Government shall file a letter with the following information:

    a. Petitioner's A-number and current place of detention;

    b. The statutory provision(s) under which Respondents assert the authority to detain Petitioner;

    c. A copy of any final order of removal;

d. Any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings; and

e. An indication of whether this case is distinguishable from previous cases decided by this Court. *See, e.g.*, *Ortiz-Lopez* v. *Francis*, No. 25 Civ. 7985 (KPF); *Villarreal Obregon* v. *Francis*, No. 25 Civ. 9465 (KPF); *Mhilli* v. *Francis*, No. 26 Civ. 392 (KPF).

(ii)    On or before **April 15, 2026**, the Government shall file an opposition as to why this petition for a writ of habeas corpus should not be granted.

(iii)   Petitioner shall have the opportunity to reply on or before **April 22, 2026**.

(iv)    The parties shall appear for a conference regarding the petition on **April 28, 2026**, at **11:00 a.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. Respondents shall produce Petitioner at this hearing.

(v)     To preserve the Court's jurisdiction pending a ruling on the petition, Petitioner shall not be removed from the United States without an order by this Court allowing such removal. *See, e.g.*, *M.K.* v. *Joyce*, No. 25 Civ. 1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) ("To preserve the Court's jurisdiction pending a ruling on the petition, Petitioner shall not be removed … unless and until the Court orders otherwise." (emphasis omitted)); *Garcia-Izquierdo* v. *Gartner*,

2

No. 4 Civ. 7377 (RCC), 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) ("Under the All Writs Act, 28 U.S.C. § 1651, the Court may order that a petitioner's deportation be stayed … when a stay is necessary to preserve the Court's jurisdiction of the case.").

(vi)    Moreover, to facilitate resolution of the petition, Petitioner shall not be transferred, except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court.  *See Samb* v. *Joyce,* No. 25 Civ. 6373 (DEH) (S.D.N.Y. Aug. 4, 2025) (Dkt. #3 at 2) (collecting cases in support of enjoining transfer of petitioner outside of the New York City area).

SO ORDERED.

Dated:    April 10, 2026
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

3